# Court of Appeals
# of the State of Georgia

ATLANTA,  May 27, 2025

*The Court of Appeals hereby passes the following order:*

## A25A0455.  IRENE J. NEELY v. MAREN C. PARSELL et al.

This case involves a boundary line dispute between the owners of two residential properties located on Columbia Drive in Decatur, Georgia. Plaintiff Irene Neely filed a complaint for, among other things, declaratory judgment, quiet title, and ejectment, and the Defendants Maren Parsell and Jason Parsell answered and filed various counterclaims. The parties consented to have the title issues decided by a special master as provided in OCGA § 23-3-63. See also OCGA § 23-3-60. Following an evidentiary hearing, the special master issued its report and recommendations, as amended, to the trial court. On February 28, 2024, the trial court issued its order on the special master's report and recommendations. Neely challenges that order on appeal.

The transcript of the evidentiary hearing before the special master is critical to our resolution of this appeal. However, the manner and form in which it has been transmitted to us violates both our Rules and the Appellate Practice Act. OCGA § 5-6-41(e) requires the court reporter to file the original and one copy of the transcript with the clerk of the trial court, together with the certificate attesting to the correctness thereof, and the clerk of the trial court then transmits the original transcript and the trial court record as separate volumes to this Court.[1] Similarly, our Rule 17 also requires the trial court clerk to certify and transmit a copy of the original transcript to our Clerk, and our Rule 19 requires that the copy of the original transcript be transmitted to us as a "separate document or compact disc and not attached to the record," and to be certified by the court reporter and trial court clerk.

---

[1] Of course, there may be more than one volume of trial court record and multiple volumes of transcripts.

Further, as to the format, transcripts must be printed on "one side of letter-size paper, or an equivalent electronic format, with ample spacing (at least double spaced) and margins so that they may be easily read." Court of Appeals Rule 18 (a).

Here, a party – the Appellees – filed the transcript as part of the trial court record, and it was transmitted to us as part of the trial court record and not as a separate volume; it was also in an incorrect – four pages to a page – format. Perhaps most critical, the court reporter's certification appearing at the end of the transcript specifically states that "certification is expressly withdrawn and denied upon the disassembly or photocopying of the foregoing transcript, unless said disassembly or photocopying is done under the auspices of [the named] Court Reporter, and the signature and original seal is attached thereto." The certification is not signed and, as far as we can ascertain from the photocopy contained in the trial court record, there does not appear to be an original seal attached thereto. Thus, insofar as we can tell, the evidentiary transcript from the special master hearing has not been certified to us as correct.

These deficiencies are not, however, fatal to the appeal. They simply necessitate a remand to the trial court clerk so that they may be remedied in accordance with our Rules and the governing statute. Once these deficiencies are corrected, the record and transcript should be re-transmitted to us, along with a copy of this order, and the case will be re-docketed pursuant to the notice of appeal filed in this case.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,__05/27/2025_____*

  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*